IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 MAR 20  PM 3: 52
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                 DEPUTY

MELISSA GARCIA,
          Plaintiff,

-vs-                                         Case No. A-13-CA-165-SS

IDEAL IMAGE DEVELOPMENT
CORPORATION; IDEAL IMAGE OF TEXAS,
LLC; IDEAL CLINICS OF TEXAS, LLC; and
IDEAL IMAGE DEVELOPMENT, INC.,
          Defendants.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the Defendant's Motion to Compel Discovery Responses [#30] and the response to the same, and thereafter, the Court enters the following:

This lawsuit was filed in this Court on February 27, 2013. On May 21, 2013, the parties presented the Court with an agreed scheduling order excepting only a date for docket call and trial, which must be provided by the Court. In the scheduling order, all discovery was to be completed before January 10, 2014, per the agreement of the parties. Apparently, counsel for the parties agreed to an extension to extend the discovery deadline "and agreed to file any motions to compel by February 28, 2014." The dispositive motions deadline in this case was set by the parties for March 10, 2014, and the defendant's Motion for Summary Judgment was filed on March 14, 2014. Therefore, there is a conflict between the order executed by the Court and the agreements made by the parties. After a review of the Motion to Compel Discovery Responses filed by the defendants

and the responses filed by counsel for Garcia, it is evident to the undersigned that the objections are not valid and the discovery should have been provided timely, especially in view of the agreed confidentiality and protective order entered on September 11, 2013. With the dispositive motions deadline passed and a dispositive motion pending, a response and order, the Court is not easily amenable to reopening discovery. However, this case is not set for trial until September of 2014.

The Motion to Compel indicates production in July and October with apparently timely objections and then an alleged agreement on October 29, 2013, which did not work out, and now the parties come to the Court for compelling discovery responses.

The defendants have not timely filed their motion, and the undersigned is not inclined to review such a late motion under circumstances where the parties' discovery has been concluded. This does not mean, however, that counsel for the parties cannot make a new agreement, as competent lawyers would, and clear this particular matter up. If not, there will be problems at trial with the plaintiff's evidence on damages as the Court will allow the defendants to advise the jury that appropriate information was refused during discovery, which would relate to the plaintiff's testimony on damages  It might even be necessary during the presentation of the evidence for the Court to advise the jury that appropriate information should have been furnished by Melissa Garcia, in light of the damages she is seeking in this case. However, the Court will allow the lawyers to work this out between themselves, and it is highly suggested that all of the discovery, which clearly should have been disclosed at the appropriate times in August and December, is discoverable in light of the damages alleged by the plaintiff, Melissa Garcia. Any failure of the lawyers to work this problem out and advise the Court it has been resolved may result in a resetting of this case for trial. At present, trials are being set in October of 2015.

IT IS ORDERED that the Plaintiff's Motion to Compel Discovery Responses [#30] is DISMISSED as untimely filed.

SIGNED this the 20th day of March 2014.

                                         *Sam Sparks*
                                         UNITED STATES DISTRICT JUDGE